## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

NATIONAL ROOFING INDUSTRY PENSION PLAN,
JOHN MARTINI and ROBERT DALSIN,
in their capacities as Trustees of the PLAN,

        Plaintiffs,

        v.         Case No. 05-C-0396

W. J. BUTZEN ROOFING & SHEET METAL, INC.,

        Defendant.

## ORDER

On June 3, 2005, the court entered partial judgment in the amount of $2,766.92 against the defaulting defendant. The court also ordered the defendant to submit within twenty-one (21) days to an audit of its books and records covering the period January 1, 2004, to June 3, 2005. The court also ordered the plaintiffs to submit the results of the audit to the court within twenty-one (21) days after the audit so that the clerk of court could amend the partial judgment to include all damages due to the plaintiffs. On July 5, 2005, the plaintiffs filed a motion for contempt and for sanctions for failure to comply with the court's June 3, 2005 order. According to the plaintiffs' attorney, the president of the defendant, William J. Butzen, called him on July 1, 2005, and indicated that past due contributions had been mailed to the Plan, but Mr. Butzen refused to schedule an audit. (O'Brien Aff. ¶ 7, July 5, 2005.) On July 19, 2005, the plaintiffs' attorney filed a supplemental affidavit. According to the plaintiffs' attorney, the plaintiffs' attorney received a letter from Mr. Butzen on

July 18, 2005, stating that the defendant made contributions to the Plan for the months of July 2004, August 2004, and September 2004. (O'Brien Aff. ¶ 2, July 19, 2005.) On August 4, 2005, the court denied without prejudice the plaintiffs' motion for contempt and for sanctions. The court ordered the defendant to submit to an audit within twenty-one (21) days from the date of the order and warned the defendant that failure to comply with the order would result in a sanction of up to $1,000. According to the plaintiffs' attorney, Mr. Butzen wrote a letter dated August 9, 2005, indicating that the balance of contributions owed would be remitted by the end of the month. (O'Brien Aff. ¶ 4, Sept. 6, 2005.) The plaintiffs indicated that the defendant had not submitted to an audit as required by the court's August 4, 2005 order and, therefore, they could not calculate their damages. (*Id.* ¶ 6.)

The court has not heard from the plaintiffs since early September 2005. The record indicates that the defaulting defendant was making consistent efforts to remit payments for past due contributions. The plaintiffs' lack of communication with the court, therefore, may have resulted from a successful effort by the parties to settle their claims without the need for court intervention. It appears to the court that the plaintiffs are no longer prosecuting this action. The court will dismiss this action with prejudice for lack of diligence. *See* Civil L.R. 41.3 ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order or dismissal with or without prejudice. Any affected party can petition for reinstatement of the action within 20 days.").

Accordingly,

- 2 -
Case 2:05-cv-00396-JPS    Filed 04/20/06    Page 2 of 3    Document 24

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED** with prejudice for lack of diligence.

The clerk of court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of April, 2006.

BY THE COURT:

s/J.P. Stadtmueller
J.P. STADTMUELLER
U.S. District Judge